IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Sonia Guilfoyle, | ) | |
| | ) | C/A No. 5:14-4454-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 32). Plaintiff seeks an award of attorney's fees in the amount of $10,267.75. (ECF No. 32 at 2). The Commissioner has filed a response informing the court that she does not object to Plaintiff's motion for fees. (ECF No. 34). As discussed below, based on the documents provided to the court, the court finds that Plaintiff is entitled to $10,267.75.

Pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002), in reviewing a request for attorney's fees under § 406(b), a court must look first to the contingent fee agreement and assess its reasonableness. A reduction in the contingent fee may be appropriate when (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id*.

Based upon a review of the petition and these factors, the court finds that an award of $10,267.75 is reasonable. Pursuant to a contingency fee agreement, Plaintiff agreed to pay counsel twenty-five percent (25%) of any past-due benefits. (ECF No. 32-3). Plaintiff was awarded back benefits and 25% of the award was withheld, or $10,267.75. (ECF Nos. 32-2 at 2). In compliance with 42 U.S.C. § 406(b)(1)(A), counsel's requested fee does not exceed twenty-five percent (25%)

of these past-due benefits. Furthermore, the requested attorney's fee is reasonable given that counsel expended 55.3 hours working on this matter at the court level. (ECF Nos. 32-1 at 2; 32-5). *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) (noting that under § 406(b) the court makes fee awards only for work done before the court). Additionally, Plaintiff's counsel achieved a successful result without any unreasonable delay. In light of counsel's specialized skill in social security disability cases, the attorney's fee award does not amount to a windfall. *Cf. Brown v. Barnhart*, 270 F.Supp.2d 769, 772–73 (W.D.Va. 2003).

Therefore, based on the foregoing, Plaintiff's motion for attorney's fees (ECF No. 32) is granted, and Plaintiff is awarded $10,267.75 in attorney's fees.[1]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 2, 2019
Anderson, South Carolina

---

[1] "Fee awards may be made under both [EAJA and § 406(b) ], but the claimant's attorney must refund to the claimant the amount of the smaller fee [,] . . . up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (internal quotation marks and citation omitted). Here, Plaintiff was previously awarded $8,650.00 in attorney's fees under the EAJA. (ECF No. 31). However, this fee award was reduced by $8,650.00 because of Plaintiff's student loan debt (ECF No. 32-4), and counsel did not receive any EAJA fees. (ECF No. 34 at 2). Accordingly, counsel is not required to refund the previously awarded EAJA fees.